In re Steven Wayne AMOS, Debtor.

No. 92–31223(1)(13).

United States Bankruptcy Court, W.D. Kentucky.

May 7, 2002.

David M. Cantor, Louisville, KY, for Debtor.

William W. Lawrence, Louisville, KY, trustee.

### MEMORANDUM–OPINION

JOAN LLOYD COOPER, Bankruptcy Judge.

This matter is before the Court on the Motion for Imposition of Additional Sanctions of Debtor, Steven W. Amos ("Debtor") against Alaska Student Loan Corporation ("ASLC") and ASLC's Motion to Dismiss. Upon agreement of the parties, the matter was submitted on the briefs of the parties. For those reasons set forth below, the Court **OVERRULES** the Debtor's Motion for Imposition of Additional Sanctions and **SUSTAINS** ASLC's Motion to Dismiss.

### FACTS

On March 25, 1992, Debtor filed his Voluntary Petition under Chapter 13 of the United States Bankruptcy Code. On Schedule F to his Petition, Debtor listed a fixed and liquidated debt in the amount of $4,977.88 to Associated Credit Agency for a student loan. Associated Credit Agency is the authorized agent of ASLC.

The Debtor's Plan provided for payment of 100 percent of unsecured claims. The Plan did not generally or specifically refer to or provide for the discharge, upon completion of the plan, of ASLC's claim or any student loan claims. ASLC did not file a Proof of Claim in the Debtor's Chapter 13 case. On May 5, 1992, the Court entered

an Order confirming the Debtor's Chapter 13 Plan.

On January 30, 1995, the Court entered a Final Decree closing the case and a Discharge of Debtor. The Discharge of Debtor provided that the Debtor was discharged from all debts provided by the Plan and disallowed under 11 U.S.C. § 502, except for any debts provided under 11 U.S.C. § 1322(b)(5), 11 U.S.C. § 523(a)(5) and those based on an allowed claim filed under 11 U.S.C. § 1305(a)(2) under circumstances not present in this case.

There is no evidence in the Court's file or the Motions and Memoranda before the Court that the Debtor has challenged ASLC's right to payment from the Debtor on the basis that payment would impose an undue hardship on the Debtor and his dependents.

On September 29, 1995, ASLC filed an action against Debtor in the United States District Court in Alaska seeking to collect the student loan debt. Debtor did not appear in that action and on November 9, 1995, ASLC obtained a Default Judgment against Debtor.

On June 4, 1999, Debtor filed his Motion to Reopen the Chapter 13 case and Motion to Hold ASLC in Contempt for violating the Discharge. ASLC did not respond to Debtor's Motion and an Order holding ASLC in contempt and assessing $5,000 in damages and $3,000 in attorney's fees was entered on July 15, 1999 ("Contempt Order").

Debtor subsequently attempted to enforce the Contempt Order against ASLC by certifying the Order in an Alaskan court. ASLC then filed suit against Debtor and his attorney in the United States District Court in Alaska to void the Contempt Order.

On October 17, 2001, this Court entered an Order reopening Debtor's Chapter 13 case so Debtor could pursue his Motion for Additional Sanctions against ASLC.

### LEGAL ANALYSIS

█ Debtor seeks an additional Order of Sanctions against ASLC for failing to pay the sanctions assessed against it in the Contempt Order and for filing suit against Debtor and his attorney in the United States District Court in Alaska to void the Contempt Order. ASLC contends this Court has no jurisdiction to consider the Debtor's claim because the Eleventh Amendment of the United States Constitution bars such action based on the doctrine of sovereign immunity.

This Court concludes that the Discharge Order is erroneous as a matter of law in that it failed to accurately set forth discharge, and the exceptions to discharge, provided by existing law. The Contempt Order imposes a sanction against ASLC for an alleged violation of the Discharge Order. ASLC did not violate the discharge provided by law and therefore, the Contempt Order must be vacated. As the Discharge Order and Contempt Order are erroneous as a matter of law, it is unnecessary for this Court to address ASLC's claim to sovereign immunity.

█ The Debtor claims that ASLC's right to payment is a non-priority, dischargeable, unsecured claim, yet ASLC's right to payment is clearly indicated in the Debtor's Schedules as an Alaska Student Loan. Since ASLC's right to payment is the result of a student loan funded in whole or in part by a governmental unit, the discharge of the right to payment is governed by 11 U.S.C. § 523(a)(8). At the time Debtor filed his Voluntary Petition (consistent with current law), discharge of student loans in Chapter 13 cases required a Debtor to file and prevail against the

student loan lender in an adversary proceeding pursuant to 11 U.S.C. § 523(a)(8). To date, no such action has been filed and the Debtor did not dispute ASLC's indebtedness in the Schedules, Plan, Order of Confirmation or otherwise put the factors of 11 U.S.C. § 523(a)(8) into issue so that this Court has made a ruling declaring ASLC's right to payment dischargeable. Therefore, the debt to ASLC has not been discharged as a matter of law. Notwithstanding the foregoing, the Discharge Order, reflecting discharge afforded by prior law, was silent regarding the limitation of the discharge of student loan obligations pursuant to 11 U.S.C. § 1328(a)(2), except through an action pursuant to 11 U.S.C. § 523(a)(8).

The error in the Discharge Order was compounded when Judge Roberts entered the Contempt Order on July 15, 1999, holding ASLC in contempt for violating the Debtor's discharge by filing suit in Alaska on what Debtor claims was a "nonpriority, dischargeable unsecured claim." *See,* Par. 3 of Debtor's Motion to Hold Creditor in Contempt for Violation of Chapter 13 Discharge. The debt was not discharged in the Chapter 13 case and there was no basis for the Court's Contempt Order.

■ The legal principles regarding the nondischargeability of student loans are illustrated in two recent cases. In *In re Loving,* 269 B.R. 655 (Bankr.S.D.Ind. 2001), Judge Coachys held that the Bankruptcy Court had continuing jurisdiction following the completion of the Chapter 13 debtor's plan to enforce the discharge injunction against the student loan creditor where the Chapter 13 plan provided for partial payment of the debt. In that case, the creditor attempted to collect the unpaid balance of a student loan debt four years after the debtor's discharge. The case discusses the amendments to 11

U.S.C. § 523(a)(8) and the distinction regarding dischargeability of student loans pre and post 1990. At the time the petition was filed, as in the case at bar, student loans were nondischargeable. "Neither the bankruptcy rules nor the proof of claim bar date prevents a creditor holding a nondischargeable debt who has not filed a proof of claim from collecting outside of bankruptcy." *Id.* at 661. The creditor was not barred from collecting the balance due on the debt that was not paid in full by distribution under the debtor's plan because it was a nondischargeable debt. Judge Coachys noted, however, that the debtor was not precluded from seeking a discharge of the debt based on "undue hardship" under 11 U.S.C. § 523(a)(8) through an adversary proceeding under Bankruptcy Rule 7001(b).

Similarly, in *In re Bell,* 236 B.R. 426 (N.D.Ala.1999), the court held that neither *res judicata* nor collateral estoppel prevented a student loan creditor from collecting the remaining balance of a student loan from a Chapter 13 debtor even after the debtor had fully paid the creditor's allowed claim and had been granted a discharge. As a matter of law, the bankruptcy court order sustaining the debtor's objection to the creditor's proof of claim, which reduced the creditor's claim on the debt, did not result in discharge of the remainder of the debt. The creditor, therefore, could collect the balance of the debt from the debtor, despite the discharge.

The law in effect at the time Debtor's Petition was filed did not provide for the discharge of Debtor's student loans absent an adversary proceeding by the Debtor. Debtor has not taken steps to have ASLC's debt discharged. The Court, therefore, had no authority to issue the Contempt Order. ASLC was entitled to collect the student loan debt as it was not

discharged in Debtor's Chapter 13 case. Accordingly, this Court has no authority to issue additional sanctions against ASLC based on the Contempt Order.

### CONCLUSION

For the above reasons, the Debtor's Motion for Additional Sanctions is **OVERRULED** and ASLC's Motion to Dismiss is **SUSTAINED.** An Order incorporating the findings herein accompanies this Memorandum–Opinion.